FILED

06 MAY -1 AM 11: 58

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No: CR 05-00322 ~~EDL~~ PJH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| DEMORA HENDERSON, | ) | |
| Defendant. | ) | |

On both March 15, 2006 and April 28, 2006, the Court held detention hearings and received evidence in the form of the United States' proffer, the defendant's proffer, and reports by United States Pretrial Services. After considering the evidence and the parties' arguments, the Court orders the defendant detained as a risk of flight and a danger to the community for the following reasons:

1. The conduct of the defendant which forms the basis for the violation of 18 U.S.C. 922(g)(8) indicates that the defendant ignored the terms of a valid domestic violence protective order requiring him to possess no weapons, although this is the least important factor. EDL

2. In addition to the protective order, the defendant violated the terms of a grant of state probation stemming from a February 10, 2003, misdemeanor conviction for a violation of California Penal Code § 273.6(A) (violating a domestic violence protective order). In September of 2004, a motion to revoke that probation was filed in the San Francisco Court. The explicit terms of that state probation prohibited the commission of additional crimes and the possession

DETENTION ORDER

1 | of weapons.

2 |     3. Pretrial Services Officer Anthony Granados provided a report regarding his contacts with the defendant. According to Mr. Granados, on September 21, 2005, because the defendant appeared late for a court hearing, a bench warrant issued for his arrest. When the defendant appeared at the Courthouse, Mr. Granados advised him of the bench warrant and encouraged him to proceed to the United States Marshal's Service to self surrender. Instead, the defendant absconded from Court supervision, and ignored Mr. Granados attempts to contact him thereafter.

    4. A vehicle driven by the defendant was stopped by the San Francisco Police on October 6, 2005. Although the defendant initially complied with the orders of the police to exit the vehicle, he then fled from the police after a struggle and was not captured. A loaded handgun was subsequently found between the driver's seat and the center console by the authorities. The government indicated that these facts are currently the subject of a state prosecution.

    5. The defendant was identified by officers of the San Francisco Police Department on February 14, 2006. The defendant again fled from the police officers but was ultimately apprehended. During the search of the defendant incident to his arrest, suspected crack cocaine was found in his right front pants pocket. The Court notes that the defendant was also found with crack cocaine during his arrest for the initial charge in March 2005.

    6. The Court notes that each of these events occurred while the defendant was on a grant of state probation, and that each event constituted a violation of such probation. The Court further notes that the second alleged weapons possession was a violation of the defendant's conditions of release in this case.

    7. The Court finds by clear and convincing evidence that the defendant's release would pose a flight risk and a danger to the community, and that no condition or combination of conditions would reasonably assure the defendant's presence at further court proceedings or ensure the safety of the community. This Order supplements the Court's findings announced from the bench and serves as written findings of fact and statement of reasons as required by 18 U.S.C. §

//

DETENTION ORDER    2

//

3142(i)(1). Accordingly, the Court orders the defendant detained.

IT IS SO ORDERED.

DATED: May 1, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

DETENTION ORDER                         3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the office of the United States Attorney, Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned certifies that she caused copies of

**DETENTION ORDER**

in the case of **UNITED STATES v. DEMORA HENDERSON, CR 3-05-00322 EDL** to be served on the parties in this action, by placing a true copy thereof in a sealed envelope, addressed as follows which is the last known address:

**JULIA MEZHINSKY JAYNE**
**SIDEMAN & BANCROFT LLP**
**One Embarcadero Center, Eighth Floor**
**San Francisco, CA  94111**

_____ (By Personal Service), I caused such envelope to be delivered by hand to the person or offices of each addressee(s) above.

_____ (By Facsimile), I caused each such document to be sent by Facsimile to the person or offices of each addressee(s) above.

__X__ (By Mail), I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California.

_____ (By Fed Ex), I caused each such envelope to be delivered by FED EX to the address listed above.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2006

*Karem Alvarez*
KAREM ALVAREZ
United States Attorney's Office