UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DEMORA HENDERSON,

    Defendant.
_____/

No. CR 05-0322 PJH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This court heard defendant Demora Henderson's ("Henderson") motion to dismiss counts one and three of the superseding indictment on August 16, 2006. Having considered the parties' papers, the pertinent authorities, and the arguments, the court GRANTS Henderson's motion for the reasons stated on the record and as follows.

## BACKGROUND

Henderson is charged in counts one and three with possession of a firearm in violation of 18 U.S.C. § 922(g)(8). Section 922(g)(8) provides:

> It shall be unlawful for any person who is subject to a court order that was issued after a hearing for which such person received actual notice, and at which such person had an opportunity to participate; restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Both counts concern a state court protective order issued July 14, 2004. That

protective order stems from the following facts.

On January 15, 2003, the San Francisco District Attorney charged Henderson with violation of California Penal Code §§ 243(e)(1) and 273.6(a).  On February 10, 2003, Henderson pled nolo contendere to violation of § 273.6(a), misdemeanor domestic violence, and was placed on probation, for incidents concerning Henderson's girlfriend, Lakisha Powell.  Subsequently, on June 5 and 7, 2004, Henderson allegedly assaulted Danesha McCoy ("McCoy"), his then-girlfriend.  McCoy filed a police report against Henderson on June 7, 2004.

Thereafter, at a July 14, 2004 probation revocation hearing following Henderson's arrest related to the June 2004 assaults, a state superior court issued a stay away order against Henderson with respect to Danesha McCoy.  Henderson appeared at that hearing, along with his attorney.  He waived instruction and arraignment, and denied the allegations concerning the assaults.  The court administratively revoked probation that day, and allowed the probation officer additional time to conduct her investigation and prepare a supplemental report.  It set a return hearing date of August 5, 2004 for a prehearing conference and supplemental report from the probation officer.  Meanwhile, the prosecution requested a "stay away" order "during the pendency of this matter," which the court granted, ordering Henderson to:

> stay away at least 150 yards from Danesha McCoy and the address of 18 Waterville Street in San Francisco.  Have no contact with that person in person, in writing, on the telephone or by sending someone over to go see her except for your lawyer or your probation officer.  You cannot possess any weapons.  And any firearms in your possession or control must be surrendered to local law enforcement officials or sold to a licensed gun dealer.

On the Judicial Council form order, the court checked the box indicating that it was an "order pending trial." The prosecution thereafter served Henderson, via his attorney, with a copy of the stay away order at the hearing.

Subsequently, on August 5, 2004, Henderson and his attorney appeared for the revocation hearing.  At that hearing, the court simply set a September 3, 2004 return date.

However, on September 3, 2004, the prosecution sought a continuance of the hearing because it was unable to reach McCoy.  On September 10, 2004, the prosecution withdrew the motion to revoke probation.

## DISCUSSION

Henderson previously moved to dismiss these charges on the grounds that: 1) he had not been given actual notice of the stay away order and an opportunity to be heard; and 2) that the victim identified in the stay away order was not an intimate partner as defined by federal law.  This motion was denied.  Henderson now moves to dismiss counts one and three under Federal Rule of Criminal Procedure 12(b), arguing that the state court's July 14, 2004 protective order expired as a matter of law when the prosecution withdrew the motion to revoke his probation on September 10, 2004.

Rule 12(b) of the Federal Rules of Criminal Procedure permits any defense "which is capable of determination without the trial of the general issue." *United States v. Nukida*, 8 F.3d 665 (9th. Cir. 1993).  A motion to dismiss is generally "capable of determination" before trial "if it involves questions of law rather than fact." *Id.*  Here, the validity of the state court order is a question of law.  *See, e.g., United States v. Simpson*, 442 F.3d 737, 740-41 (9th Cir. 2006) (affirming district court's dismissal of indictment charging § 922(g)(1), felon in possession of weapon, where according to Arizona law, defendant could not be considered "convicted" for purposes of § 922(g))*; see also Branco v. UFCW*, 279 F.3d 1154, 1158 (9th Cir. 2002) (holding in an ERISA case, that whether or not a state court order constitutes a "Qualified Domestic Relations Order" "is a question of law").

California Penal Code § 136.2, which allows a court "with jurisdiction over a criminal matter" to issue such a protective order, does not on its face provide an expiration date. *See People v. Stone*, 123 Cal.App.4th 153, 159 (Cal. Ct. App. 2004).  In the only California case on the issue, the California Court of Appeal in *Stone* answered the very question at issue here in Henderson's favor.  It held that protective orders issued pursuant to California Penal Code § 136.2 are limited to the duration of "the criminal proceeding in which the

3

restraining order is issued." *Id.* In support of its conclusion, the court determined that the "only purpose of [§ 136.2] is to protect victims and witnesses in connection with the criminal proceeding in which the restraining order is issued." *Id.* The state appellate court further reasoned that "the absence of any express time limitation on the duration of a restraining order issued under section 136.2 suggests that its duration is limited by the purposes it seeks to accomplish in the criminal proceeding." *Id.*

The government did not address the *Stone* case in its opposition papers. As noted on the record at the August 16, 2006 hearing, the government took somewhat inconsistent positions regarding the expiration of the protective order. It argued that the order was valid for three years, as noted at the bottom of the form order, but at the same time, that the order was valid until the expiration of Henderson's probation on the § 273.6(a), misdemeanor domestic violence charge with respect to Lakisha Powell.

These positions are contrary to the facts of this case and to the California Court of Appeal's decision in *Stone.* The July 14, 2004 protective order was not a probation condition, but was issued as an "order pending trial." Indeed, the box indicating that the order was intended to be a post-trial probation condition was *not* checked, while the box indicating the order was intended to apply to the pre-trial period was checked. Moreover, the only "trial" concerned the probation revocation proceedings. Once the district attorney terminated those proceedings and withdrew its request for revocation on September 10, 2004, *Stone* provides that the protective order expired. *See* 123 Cal.App.4th at 160 (holding that restraining orders "transcended the authorization of § 136.2" where they were issued for three years and were not limited to the pendency of the criminal proceeding and were not a probation condition). Because the bases for counts one and three -- Henderson's possession of the firearms on March 10, 2005, and October 6, 2005 – did not occur until after the expiration of the state protective order, counts one and three must be DISMISSED pursuant to Rule 12(b).

4

**CONCLUSION**

For the reasons set forth above and stated on the record, the court GRANTS Henderson's motion to dismiss counts one and three of the superseding indictment.

**IT IS SO ORDERED.**

Dated: August 17, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge